594

On respondent's motion to dismiss appeal filed November 18, 1988; on court's *sua sponte* consideration of jurisdiction on cross-appeal, appeal and cross-appeal dismissed July 26, 1989

In the Matter of the Marriage of

DAVIS,
*Respondent - Cross-Appellant,*
*and*
DAVIS,
*Appellant - Cross-Respondent.*

(88-1-76; CA A50230)

776 P2d 877

Margaretta Eakin, Portland, for respondent's motion.

Janay Ann Haas, Oregon Legal Services, Oregon City, *contra* respondent's motion.

No appearance for appellant.

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

The notice of appeal in this case states: "Respondent [wife] and Oregon Legal Services hereby give notice of appeal from an order [that] made a final disposition of the issue that is the subject of this appeal." Attached to the notice of appeal is an order that recites: "Oregon Legal Services and Janay Ann Haas appeared by and through Janay Ann Haas, and Margaretta Eakin appeared on behalf of herself and petitioner Patrick Steven Davis." Haas, an attorney employed by Oregon Legal Services (OLS), signed the notice of appeal.

OLS has never represented a party in this proceeding. It claims entitlement to appeal as a party within the meaning of ORS 19.020.[1] It became involved when Eakin subpenaed Haas and an OLS file relating to wife for use in the dissolution proceeding, in which wife represented herself. OLS moved to quash the subpena.[2] After the dissolution judgment, OLS sought to have sanctions imposed on Eakin under ORCP 17C.[3] The trial judge found that Eakin had violated ORCP 17A but did not impose any sanction. OLS seeks to appeal from that order, and Eakin has moved *on behalf of respondent*

[1] ORS 19.020 provides, in relevant part: "Any party to a judgment or decree, other than a judgment or decree given by concession or for want of an answer, may appeal therefrom."

[2] The record does not show that the motion was ever ruled on by an order. Apparently, OLS and Eakin reached a compromise on the issue when the motion was heard.

[3] ORCP 17 provides, in part:

"A. Every pleading, motion and other paper of a party represented by an attorney shall be signed by at least one attorney of record who is an active member of the Oregon State Bar. A party who is not represented by an attorney shall sign the pleading, motion or other paper and state the address of the party. Pleadings need not be verified or accompanied by affidavit. The signature constitutes a certificate that the person has read the pleading, motion or other paper, that to the best of the knowledge, information and belief of the person formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

"* * * * *

"C. If a pleading, motion or other paper is signed in violation of this rule, the court upon motion or upon its own initiative shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion or other paper, including a reasonable attorney fee."

*husband* to dismiss the appeal. Although the notice of appeal purports to be made on behalf of wife as well as OLS, OLS does not claim to represent any interest but its own.

There is nothing in the record before us or claimed by OLS that identifies any interest of it in or relationship to the domestic relations case. Although the matter might be different had wife sought sanctions, we can find nothing in the rule that suggests that, by filing a motion for its own benefit, OLS could make itself a party to the proceeding. Although the rule makes it clear that Eakin, as the representative of a party, could be subject to sanctions, it is also clear that sanctions are for the benefit, at least nominally, of parties to the litigation. OLS is not a party.

Husband filed a notice of cross-appeal. The notice is directed to OLS and Haas but recites: "There is no adverse party in this appeal." That is correct. The cross-appeal is dismissed *sua sponte.*

Appeal and cross-appeal dismissed.